# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE

SALISBURY, MD 21801

410.546.1750

FAX: 410.546.1811

JOHN DOE,                                    *

    Plaintiff,                              *

v.                                           *            Case No.

SALISBURY UNIVERSITY                         *
1101 Camden Avenue
Salisbury, Maryland  21801                   *
Serve:
    The Honorable Douglas F. Gansler         *
    Attorney General
    200 St. Paul Place                       *
    Baltimore, MD 21202
                                             *
HUMBERTO ARISTIZABAL, individually
and in his official capacity as Salisbury    *
University's Title IX Coordinator
    1101 Camden Avenue                       *
    Salisbury, Maryland  21801
                                             *
JOHN DOE EMPLOYEES OF
SALISBURY UNIVERSITY                         *
individually and in in their official capacities
as Salisbury University employees            *

    Defendants                               *

---

## VERIFIED COMPLAINT

COMES NOW Plaintiff John Doe,[1] by and through counsel, Robin R. Cockey, Laura E. Hay, and Cockey, Brennan & Maloney, P.C., and makes this Verified Complaint against Defendants Salisbury University, Humberto Aristizabal and John Doe Employees of Salisbury University.

---

[1] *See generally, JOHN DOE'S MOTION TO ALLOW "DOE" PSEUDONYMS IN JOHN DOE'S VERIFIED COMPLAINT.*

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

·13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

**Nature of this Action**

I.     This is an action for, among other things, declaratory and injunctive relief to stop Defendants' unlawful investigation and/or discipline of John Doe who is not currently a student at Defendant Salisbury University ("SU").   Defendants' actions are undertaken for the improper purpose of retaliating against John Doe for his having made an objectively reasonable complaint of discrimination. If Defendants are permitted to continue their unlawful actions, Defendants will violate John Doe's Constitutional rights (and) federal and state law – thereby causing John Doe irreparable and irreversible harm.

**The Parties**

2.     John Doe currently resides in California and was a student at SU from August 2011 until on or about May 22, 2014.  During his time at SU, John Doe excelled academically, and participated effectively in campus activities.

3.     Defendant SU is a public, four-year college and is a member of the University System of Maryland. SU is located on Maryland's Eastern Shore in Salisbury.

4.     Defendant Humberto Aristizabal ("Aristizabal") is SU's Title IX Coordinator/Fair Practices Officer/Associate Vice President of Institutional Equity (and) is being sued in his official and individual capacities as SU's Title IX Coordinator/Fair Practices Officer/ Associate Vice President of Institutional Equity.

5.     Yet to be identified Defendant John Doe employees of SU ("John Doe SU Employees") are being sued in their official and individual capacities as SU employees.

6.     The term "Defendants" as used herein shall be defined as SU, Aristizabal, and/or John Doe SU Employees.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

**Jurisdiction and Venue**

This Court has diversity and supplemental jurisdiction pursuant to, among other things, 20 U.S.C. §§1681-1688; 42 USC §1983; 28 U.S.C. § 2201,  28 U.S.C. § 2202, and 28 U.S.C. § 1651 because: (a) John Doe and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests, and (b) John Doe's state law claims are so closely related to his federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

8.    This Court has personal jurisdiction over Defendants on the grounds that Defendants are conducting business within the State of Maryland.

9.    Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**Facts Common to All Counts**

10.    The following Defendants and/or individuals are SU employees whose actions are addressed below:

    a.    Aristizabal is SU's Director of Fair Practices (and) pursuant to SU's *Student Code of Conduct, Policies, and Procedures for 2013-14* ("COC") is SU's Fair Practices Officer/Title IX Coordinator, *See,* **Exhibit A** (containing *COC* which is incorporated herein).

    b.    Mentha Hynes-Wilson ("Hynes-Wilson") is SU's Associate Vice President of Student Affairs;

    c.    Janet Dudley-Eshbach is SU's President ("SU President"); and

    d.    Ralph Chittams ("Chittams") is SU's Assistant Dean of Students.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

113 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1150
FAX: 410.546.1811

11.   When John Doe was enrolled in SU in October of 2013, SU launched an investigation into whether John Doe should be disciplined for conduct unrelated to the investigation and/or discipline John Doe seeks to enjoin in this action.  ("SU's First Disciplinary Action").

12.   In February 2014, John Doe appealed SU's First Disciplinary Action because SU employees violated of John Doe's rights under SU policies and procedures. ("John Doe's Appeal").

13.   In March 2014, Hynes-Wilson rejected John Doe's Appeal and stated John Doe's: "[s]uspension from Salisbury University [was] effective May 22, 2014 . . . You will be eligible to return for the Spring 2015 semester upon successful completion of all sanctions."

14.   On or about April 8, 2014, May 2, 2014, and September 22, 2014, John Doe filed complaints with SU employees including, but not limited to Aristizabal, which alleged, among other things, SU's violation of John Doe's rights under Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. §§ 1681–1688, as a male student with regarding to SU's First Disciplinary Action; ("John Doe's Title IX Complaints"), in that SU had discriminated against him by virtue of his gender.

15.   On or about October 29, 2014, SU's President rejected John Doe's Title IX Complaints as meritless by sending John Doe attached **Exhibit B** which is incorporated herein.

16.   In order to re-apply for admission to SU, John Doe needed to "apply for readmission" under SU's readmission policy which states: "[s]tudents who have been academically dismissed or judicially suspended may only *apply for readmission* once they have met the minimum criteria as outlined in the dismissal policy and/or their notice of suspension."   *See,* **Exhibit C** (containing SU's readmission policy for students academically dismissed or judicially suspended, which is incorporated herein by reference).

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

113 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

17.   John Doe completed SU's "reapplication application" process in October of 2014, but on or about November 20, 2014, Chittams informed John Doe that he needed to submit a *new* readmission application *after* John Doe submitted a "reflection paper" related to SU's First Disciplinary Action.

18.   Although John Doe submitted his "reflection paper" in November of 2014, John Doe never: (a) submitted the new readmission application required by Chittams; and (b) informed SU on November 25, 2014 that he would not be applying for readmission to SU.

19.   On or about November 21, 2014 and November 25, 2014, Aristizabal SU sent John Doe two letters which are contained in **Exhibits D & E** and incorporated herein.    In these letters, Aristizabal informed John Doe of SU's intent to investigate and or discipline John Doe for violating provisions of the COC and SU's Policy on Sexual Misconduct ("Policy") with regard to a consensual sexual encounter between John Doe and Jane Doe on or about May 5, 2012. *See, **Exhibit F*** (containing the Policy which is incorporate herein) (COC, the Policy and/or other SU policies and/or procedures collectively referred to as ("SU Policies").

20.   Evidence of Defendants' Title IX retaliation includes, but is not limited, to John Doe's allegation – made upon information and belief – that Jane Doe played no role in Defendants' decision to investigate and/or discipline John Doe for his consensual sexual encounter with Jane Doe.

21.   Evidence of Defendants' Title IX retaliation includes, but is not limited, to the fact that Defendants' launched their investigation and/or discipline of John Doe less than a month after SU's President rejected John Doe's Title IX Complaints – even though SU had been aware of John Doe's consensual sexual encounter with Jane Doe since May of 2012 when SU's Police Department conducted an investigation of that encounter.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

513 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

22.   Evidence of Defendants' Title IX retaliation includes, but is not limited, to the fact that no law enforcement official filed criminal charges against John Doe regarding his consensual sexual encounter Jane Doe.

23.   Since John Doe never submitted the new readmission application required by Chittams, SU lacks a legal basis for investigating and/or disciplining John Doe in part because page 2 of the COC explicitly states its "jurisdiction" is limited to "students" currently enrolled at SU.

24.   Since John Doe never submitted the new readmission application required by Chittams, SU lacks a legal basis for investigating and/or disciplining John Doe in part because Page 19 of the COC states: "[a]t the end of the period of suspension, the student is automatically *eligible for readmission provided there is no other encumbrance upon his/her return and the stated conditions for return have been met*." (emphasis added).

25.   Since John Doe never submitted the new readmission application required by Chittams, Defendants lack a legal basis for investigating and/or disciplining John Doe in part because the Policy only allows SU to take disciplinary action against current SU "students" or "applicants for admission to University programs" and the Policy states "Disciplinary Penalties" are "assessed according to" the COC which only applies to "students."

26.   The United States Department of Education's Office of Civil Rights has acknowledged a university lacks "jurisdiction" to investigate and/or discipline an ex-student for allegedly committing sexual assaults. *See*, ***Exhibit G***, p.5 (containing The United States Department of Education's Office of Civil Rights' August 6, 2008 letter to University of Wisconsin-Madison's Chancellor Dr. John D. Wiley).

27.   Evidence of Defendants' violations of John Doe's rights under the Constitution and/or federal and/or state laws includes, but is not limited to, Aristizabal's November 21, 2014 and November

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

25, 2014 letters which inform John Doe that Defendants have launched an investigation into whether John Doe either "sexual assault[ed]" or "rape[d]" Jane Doe. *See generally,* **Exhibits D & E** (containing Aristizabal's November 21, 2014 and November 25, 2014 letters).

28. Evidence of Defendants' violations of John Doe's rights under the Constitution and/or federal and/or state laws includes, but is not limited to, Aristizabal's November 21, 2014 letter evidencing Defendants' intent to engage in the unlawful retroactive application of SU Policies which were not in place when John Doe engaged in his consensual sexual encounter with Jane Doe. This is because the COC and Policy cited in Aristizabal's November 21, 2014 letter were implemented *after* John Doe's 2012 consensual sexual encounter with Jane Doe.

29. Evidence of Defendants' violations of John Doe's rights under the Constitution and/or federal and/or state laws includes, but is not limited to, Aristizabal's November 21, 2014 letter which states Aristizabal will be sending John Doe a "list of questions" that John Doe is "required to submit written responses . . . within ten (10) University business days of your receiving the same."

30. Evidence of Defendants' violations of John Doe's rights under the Constitution and/or federal and/or state laws includes, but is not limited to, Aristizabal's November 25, 2014 letter which mandates John Doe "submit a written response to [Defendants'] allegations" of "sexual assault, rape, and other related claims" on or before "December 11, 2014."

31. Defendants' investigation and/or discipline of John Doe violate COC §3(E)'s requirement that SU "assure fundamental fairness" so as "to protect students from arbitrary or capricious disciplinary action" such as Title IX retaliation and/or violations of John Doe's rights under the Constitution and/or federal and/or state laws.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

32.   John Doe has no plain, speedy, and/or adequate remedy in the ordinary course of law because Defendants rejected John Doe's request that SU cease its investigation and/or discipline of John Doe.

33.   SU Policies provide John Doe no administrative or judicial remedies to enjoin Defendants' unlawful investigation and/or discipline of John Doe.

34.   If Defendants are permitted to investigate and impose discipline against John Doe, he will suffer irreparable injury, in part because his official SU record will permanently identity John Doe as committing a sexual assault against Jane Doe, in that: (a) Page 11 of the COC states: "[a]ny student found responsible for a violation of the Non-Consensual Sexual Contact statement of the Sexual Misconduct Policy will typically face, *at a minimum*, a sanction of *suspension* from the University . . . ." (emphasis added); and (b) Page 21 of the COC states: "[d]isciplinary records are retained in the Office of Student Affairs for a period of five years from the date of final action on each case, after which they are destroyed. Exceptions to this policy are cases which result in the suspension or expulsion of a student, the files of which are *retained permanently*." (emphasis added).

35.   Defendants' actions detailed above have proximately caused, and unless abated, will continue to cause, Plaintiff to sustain irreparable harm, substantial injury, damage, and loss, including, but not limited to, humiliation, disgrace, mental anguish, severe emotional distress, injury to reputation, past and future economic loss, deprivations of due process, loss of educational opportunities, and loss of future career prospects, and/or prejudice in forcing John Doe  to defend himself against Defendants' unlawful actions from his home in California which would cause additional humiliation, disgrace, mental anguish, and/or severe emotional distress.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

## Count II:
## Violation of Title IX –Hostile environment sexual harassment

36.    Pursuant to 20 U.S.C. § 1681, Title IX is a federal statute designed to prevent sexual discrimination and harassment in educational institutions receiving federal funding.

37.    Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, applies to all public and private educational institutions that receive federal funds, including colleges and universities. The statute prohibits discrimination on the basis of sex in a school's "education program or activity," which includes all of the school's operations. Title IX provides in pertinent part: "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The United States Supreme Court has held that Title IX authorizes private suits for damages in certain circumstances.

38.    SU receives federal financial assistance and is thus subject to Title IX.

39.    Title IX includes an implied private right of action, without any requirement that administrative remedies, if any, be exhausted. An aggrieved plaintiff may seek money damages and other relief.

40.    Title IX mandates SU afford due process to John Doe.  Equitable procedures that SU must implement include, at a minimum: (a) having proper jurisdictional authority to conduct an investigation; (b) providing adequate, reliable, and impartial investigation of complaints, including the opportunity to present witnesses and other evidence, and (c) that SU employees involved in the conduct of the procedures have adequate training.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE

SALISBURY, MD 21801

410.546.1750

FAX: 410.546.1811

41.   Defendants knew, or in the exercise of due care should have known, that Defendants lacked jurisdiction under SU's Policies to investigate and/or discipline John Doe for his consensual sexual encounter with Jane Doe.

42.   Upon information and belief, SU knew, or in the exercise of due care should have known, Defendants lacked training and ability to carry out their responsibilities under the disciplinary enforcement requirements of Title IX.

43.   SU Policies fail to meet the standards required by Title IX and/or the mandated due process safeguards in the United States Constitution (and) fail to reflect the acceptable established customs and practices of institutions of higher education in disciplinary proceedings.

44.   Upon information and belief, in virtually all cases of campus sexual misconduct by SU students, the accused student is male and the accusing student is female.

45.   Defendants have created an environment in which male students accused of sexual assault, such as John Doe, are fundamentally denied due process as to be virtually assured of a finding of guilt. Such a biased and one-sided process deprives male SU students like John Doe of educational opportunities on the basis of sex.

46.   In the alternative to being retaliatory in nature, John Doe alleges - upon information and belief - that Defendants' investigation and/or discipline John Doe is being taken in order to demonstrate to the United States Department of Education that SU is aggressively disciplining male students accused of sexual assault.

47.   Upon information and belief, Defendants have actual or constructive knowledge that Defendants' investigation and/or discipline John Doe poses a persuasive and unreasonable risk of gender discrimination to an SU male student like John Doe.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

48.    Upon information and belief, Defendants have actual or constructive knowledge that Defendants were inadequately trained in the identification of Title IX claims, and in the procedures Defendants should use to conduct investigations (and) that this inadequate training would cause faculty like Defendants to deprive male students, such as John Doe, of their rights to be free of gender discrimination.

49.    Defendants' actions and inactions detailed above and below set in motion a series of events that they knew, or reasonably should have known, would cause male SU students, such as John Doe, to suffer unlawful gender discrimination.

50.    Defendants' investigation and/or discipline of John Doe's interactions with Jane Doe are discriminatory and based upon or motivated by John Doe's male gender.

51.    The male gender discrimination by Defendants against John Doe include providing preferential treatment to female Jane Doe.  This preferential treatment includes, but is not limited to (a) presuming John Doe's statements to the SU Police Department that John Doe and Jane Doe engaged in consensual sexual contact to be false; (b) by requiring John Doe to assume a burden of proving he and Jane Doe engaged in consensual sexual contact; (c) by prejudicing John Doe's defense by waiting more than two years to launch an investigation and/or disciplinary proceeding against John Doe for his consensual sexual contact with Jane Doe; (d) by proceeding with investigation and/or disciplinary proceeding against John Doe that is not authorized by SU Policies; and (e) by engaging in an investigation and/or disciplinary proceeding against John Doe for conduct which does not violate SU Policies.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

52.   Upon information and belief, SU possesses communications evidencing SU's intent to favor female students alleging sexual assault over male students like John Doe who are accused of sexual assault.

53.   As a direct result of Defendants' discriminatory practices, John Doe has been damaged in an amount to be determined at trial.

## Count II:
## Violation of Title IX – Deliberate Indifference

54.   John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

55.   Despite having the authority to institute corrective measures to stop Defendants' unlawful conduct detailed above and below, Defendants acted with deliberately indifferent to the unlawful, irresponsible, improper, and sexually biased manner in investigating and/or disciplining John Doe's consensual sexual conduct with Jane Doe.

56.   In the alternative to being retaliatory in nature, Defendants' deliberate indifference towards John Doe is motivated by John Doe's gender.

57.   In the alternative to being retaliatory in nature, John Doe alleges - upon information and belief – that Defendants' deliberate indifference was taken in order to demonstrate to the United States Department of Education that Defendants are aggressively disciplining male students accused of sexual assault.

58.   Defendants' deliberate indifference caused John Doe to suffer sexual harassment so severe, pervasive or objectively offensive that it could be said to deprive John Doe of access to the educational opportunities or benefits provided by SU.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

59.   Defendants' deliberate indifference caused John Doe to be damaged in an amount to be determined at trial.

60.   Upon information and belief, SU possesses communications evidencing Defendants' gender based deliberate indifference towards John Doe.

## Count III:
## Violation of Title IX – Retaliation

61.   John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

62.   John Doe's Title IX Complaints qualify as protected activities under Title IX.

63.   Defendants possessed actual or constructive knowledge of John Doe's protected activities under Title IX.

64.   Defendants subjected John Doe to adverse action, treatment, and/or conditions because of his protected activities by engaging in the unlawful investigation and/or discipline of John Doe's consensual sexual encounter with Jane Doe.

65.   A causal connection exists between John Doe's protected activity and Defendants' adverse action, treatment and/or conditions.

66.   Upon information and belief, Defendants possess communications evidencing Defendants' Title IX retaliation against John Doe.

## Count IV
## Violation of 42 USC §1983

67.   John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

68.   In engaging in the actions detailed above and below, Aristizabal and/or John Doe SU Employees acted, or failed to act, under color of law, to deprive John Doe rights and

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

privileges secured by the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution and other Constitution provisions.

69.   Defendants are considered state actors who owe John Doe certain protections pursuant to Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution and other Constitution provisions.

70.   Aristizabal's November 25, 2014 letter to John Doe states SU intends to "investigate" John Doe for allegedly "sexual assault[ing]" and "rap[ing]" Jane Doe.

71.   Aristizabal and/or John Doe SU Employees lack the probable cause necessary under SU Policies and/or The Fourth Amendment to investigate and/or discipline John Doe in part because SU lacks any jurisdictional authority to investigate and/or discipline John Doe's consensual sexual encounter with Jane Doe.

72.   Aristizabal's November 25, 2014 letter violates John Doe's rights to remain silent under the Fifth Amendment in part because that letter mandates John Doe "submit a written response to the allegations" involving John Doe's consensual sexual encounter with Jane Doe.

73.   Aristizabal's November 21, 2014 letter violates John Doe's rights to remain silent under the Fifth Amendment in part because the letter demands John Doe provide "written responses" to Aristizabal's questions about John Does' consensual sexual encounter with Jane Doe.

74.   Defendants' investigation and/or discipline of John Doe deprive John Doe of his interests within the meaning of "life, liberty, or property" contained in U.S. Const. amend. XIV, § 1 in part because Defendants violate John Doe's property right to a SU

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

transcript unmarred by Defendants' unlawful investigation and/or discipline of John Doe's consensual sexual encounter with Jane Doe.

75.   Defendants' unlawful investigation and/or discipline of John Doe violate his property, liberty, and/or "legitimate claim of entitlement" rights created in SU Policies to be free from Defendants' investigation and/or discipline of John Doe when John Doe is not enrolled at SU.

76.   Defendants' unlawful investigation and/or discipline of John Doe violate his property, liberty, and/or "legitimate claim of entitlement" because Defendants are damaging John Doe's reputation and harming his future educational or employment opportunities.

77.   Defendants' unlawful investigation and/or discipline of John Doe violate his property, liberty, and/or "legitimate claim of entitlement" because page 7 of the COC contemplates said discipline as hindering John Doe's constitutional right to attend another publicly funded school in Maryland.

78.   Defendants' unlawful investigation and/or discipline of John Doe violate his property, liberty, and/or "legitimate claim of entitlement" because said discipline hinders and/or eliminates John Doe's inability to transfer or attend a different school.

79.   Defendants had actual or constructive knowledge that they were engaging in conduct creating a pervasive and unreasonable risk of deprivation John Doe's rights under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

80.   Because of Defendants' unlawful actions, John Doe is entitled to injunctive relief that requires Defendants: (a) cease and desist the investigation and/or discipline of John Doe; and (b) expunge John Doe's official SU student file of all information related his consensual sexual encounter with Jane Doe.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.0550
FAX: 410.546.1811

81.   Because of Defendants' unlawful actin, John Doe is entitled to declaratory relief that requires Defendants': (a) cease and desist the investigation and/or discipline of John Doe; and (b) expunge John Doe's official SU student file of all information related his consensual sexual encounter with Jane Doe.

## Count V
## Breach of Express Contract

82.   John Doe realleges and incorporate all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

83.   SU Policies that SU provided to John Doe create an express contract between John Doe and SU because when John Doe was an SU student he was required to agree in writing to be bound in the terms of SU Policies thereby creating a contract in writing.

84.   Upon information and belief, SU possesses documentation containing SU President's actual and/or electronic signature approving SU Policies which created an express or implied contract between John Doe and SU.   This is because SU's President has the power to execute contracts upon which SU can sue or be sued pursuant to Md. Code Ann., Educ. § 12's provisions below:

(a)   "[t]he government of the University System of Maryland is vested in the Board of Regents of the University System of Maryland."[2]

(b)   The Board of Regents "[i]s responsible for the management of the University System of Maryland and has all the powers, rights, and privileges that go with that responsibility," and may "sue and be sued . . . in all courts."[3]   And

(c)   SU's President, "serve[s] as the chief executive officer of the institution," and is "responsible and accountable to the Board for the discipline and successful conduct of the institution and supervision of each of its departments . . . ."[4]

---

[2] § 12-102(b)

[3] § 12-104(b)(3), (c)(1).

[4] *Id.* § 12-109(c), (d)(1)-(2).

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

Evidence supporting John Doe's "information and belief" allegations in ¶84 includes: (a)  SU President's electronic signature "approval" of the Policy in *Exhibit F*; (b) SU President's electronic signature "approval" of *Salisbury University Policy Prohibiting Sexual And Other Discriminatory Harassment* ("Harassment Policy") which is attached in *Exhibit H* and incorporated herein; (c) SU President's electronic signature "approval" of *Salisbury University Procedures For Pursuing Complaint of Sexual or Other Discriminary Harassment* ("Harassment Procedures") which is attached in *Exhibit I* and incorporated herein; and (d) pages 9-11, and 34-35 of the COC which incorporate the language and/or provisions of the Policy, Harassment Policy and Harassment Procedures into the COC.

86.   John Doe performed all conditions of said contract(s) required to be performed by him.

87.    Defendants' breached said contract(s) by, among other things, violating SU Policies provisions as described above.

88.   Defendants breached said contract(s) by, among other things, investigating and/or disciplining John Doe even though these contract(s) no longer bound John Doe since he was not an SU student when SU launched its investigation and/or disciple of John Doe in November of 2014.

89.   Defendants breached said contract(s) by, among other things, unlawfully applying 2013-2014 contracts to investigate and/or discipline John Doe for conduct that would have been addressed in contracts that pre-date these 2013-2014 contracts.

## Count VI
## Promissory Estoppel

90.    John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

91.    SU Policies that SU provided to John Doe created promises which SU should reasonably expect to induce action or forbearance on the part of John Doe.

92.    John Doe acted in action and forbearance upon SU's promises in SU Policies.

93.    Defendants breached the promises contained in SU Policies by, among other things, violating SU Policies provisions as described above.

94.    Defendants breached the promises contained in SU Policies by, among other things, investigating and/or disciplining John Doe even though SU Policies no longer bound John Doe since he was not an SU student when SU launched its investigation and/or discipline of John Doe in November of 2014.

95.    Defendants breached the promises contained in SU Policies by among other things, unlawfully applying 2013-2014 SU Policies to investigate and/or discipline John Doe for conduct that would have been addressed in SU Policies that pre-date these 2013-2014 SU Policies.

96.    Injustice can be avoided only by enforcement of SU's promises to John Doe to honor SU's promises in SU Policies.

## Count VII:
## Declaratory Judgment

97.    John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

98.    Pursuant to the provisions of 28 U.S.C. §§ 2201,[5] 2202,[6] and 1651,[7] John Doe is entitled to declaratory judgment that Defendants' investigation and/or discipline of John Doe is unlawful and violates John Doe's rights under the Constitution and/or federal and/or state laws.

---

[5] *28 U.S.C. § 2201(a)* (stating "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.")

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

99.     Based on the facts articulated above and below, John Doe is entitled to declaratory relief because Defendants' investigation and/or discipline of John Doe is unlawful, and violates John Doe's rights under the Constitution and/or federal and/or state laws.

100.    Based on the facts articulated above and below, John Doe is entitled to declaratory relief because Defendants' investigation and/or discipline of John Doe involves disputes of a definite and concrete nature which substantially impact the legal relationships between John Doe and SU.

101.    Based on the facts articulated above and below, John Doe is entitled to declaratory relief because Defendants lack jurisdictional authority to investigate and/or discipline John Doe.

102.    Based on the facts articulated above and below, John Doe is entitled to declaratory relief because Defendants' investigation and/or discipline of John Doe involves a controversy of sufficient immediacy and reality necessary to warrant the issuance of a declaratory judgment.

103.    Based on the facts articulated above and below, John Doe is entitled to declaratory relief which includes, but is not limited to: (a) an Order requiring Defendants cease and desist their investigation and/or discipline of John Doe; and (b) an Order requiring SU expunge John Doe's official SU file of all information related to his interactions with Jane Doe.

## **Count VIII**
## **Injunctive Relief**

---

[6] *28 U.S.C. § 2202* (giving this Court the authority to provide: "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

[7] *28 U.S.C. § 1651* (stating: (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.").

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

104.    John Doe realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

105.    Based on the facts articulated above and below, John Doe is entitled to injunctive relief because Defendants' investigation and/or discipline of John Doe is unlawful and violates John Doe's rights under the Constitution and/or federal and/or state laws.

106.    Defendants' refusal to cease their unlawful investigation and/or discipline of John Doe will cause irreparable harm which is certain, great, actual and not theoretical because Page 21 of the COC contemplates Defendants' discipline being "retained permanently" in John Doe's SU academic file.

107.    Defendants' unlawful investigation and/or discipline of John Doe cannot be remedied by an award of monetary damages because of difficulty or uncertainty in their proof or calculation.

108.    Defendants' unlawful investigation and/or discipline of John Doe cannot be remedied by an award of monetary damages in part because Page 21 of the COC contemplates Defendants' discipline being "retained permanently" in John Doe's SU academic file.

109.    Based on the facts articulated above, John Doe is entitled to injunctive relief which includes, but is not limited to: (a) an Order requiring Defendants cease and desist their investigation and/or discipline of John Doe; and (b) an Order requiring SU expunge John Doe's official SU file of all information related to his interactions with Jane Doe.

110.    The granting of a temporary or preliminary injunction will cause no harm to Defendants because Defendants have no cognizable interest in their unlawful investigation and/or discipline of John Doe.

111.

COCKEY,
BRENNAN &
MALONEY, P.C.


ATTORNEYS &
COUNSELORS AT LAW




313 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

The granting of a temporary or preliminary injunction will advance a significant and appreciable public interest by protecting members of the public – like John Doe –from having their fundamental constitutional rights threatened by unlawful government action.

WHEREFORE, John Doe demands judgment and relief against Defendants as follows:

A.      Damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiffs' past and future pecuniary and/or non-pecuniary damages caused by Defendants' conduct;

B.      Order(s) requiring Defendants cease and desist any investigation and/or discipline of John Doe regarding his interactions with Jane Doe;

C.      Order(s) requiring SU expunge John Doe's official SU file of all information related to his interactions with Jane Doe.

D.      Declaratory judgment finding Defendants' actions unconstitutional and/or in violation of federal or state laws;

E.      Judgment for attorneys' fees, pursuant any other applicable statutes;

F.      Judgment for all other reasonable and customary costs and expenses that were incurred in pursuit of this action;

G.      Pre-judgment interest as may be permitted by law and statute; and

H.      Such other and further relief as this court may deem just, proper, equitable, and appropriate.

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

13 LEMMON HILL LANE
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

Respectfully Submitted,

ROBIN R. COCKEY, Federal Bar No. 02657
LAURA E. HAY, Federal Bar No. 29403
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax:  410-546-1811

## JURY DEMAND

John Doe hereby demands a trial by a jury in this matter.

ROBIN R. COCKEY, Federal Bar No. 02657
LAURA E. HAY, Federal Bar No. 29403

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

313 LEMMON HILL LANE

SALISBURY, MD 21801

410.546.1750

FAX: 410.546.1811

STATE OF CALIFORNIA         :
                            : SS,
COUNTY OF ORANGE            :

I, John Doe, after being first duly sworn, deposes and states that: (a) I am the John Doe identified in the Verified Complaint, (b) that I have read the forgoing Verified Complaint; (c) that this verification is upon my own knowledge, information and belief, and (d) that I believe the allegations in the forgoing Verified Complaint to be true, to the best of my knowledge, information, and belief.

**John Doe requests this verification page which was executed on December 10, 2014 by John Doe with his actual name and signature be filed under seal.** [8]

John Doe

This verification has been sworn to before me and subscribed in my presence this 10th day of December, 2014 after receiving identification (and) reviewing un-redacted exhibits to the Verified Complaint which confirmed John Doe's existence.

**John Doe requests this verification page which was notorized on December 10, 2014 be filed under seal.** [9]

Notary Public

---

[8] *See generally, JOHN DOE'S MOTION TO ALLOW "DOE" PSEUDONYMS IN JOHN DOE'S VERIFIED COMPLAINT.*

[9] *Id.*